**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| **Sequency LLC,** | : | |
| | : | **Case No.  25-12217 (DJB)** |
| **Debtor.** | : | |
| | : | |

# O R D E R

    **AND NOW**, upon consideration of the Motion of the United States Trustee to Dismiss Case (the "Motion") (Dkt. No. 6);

    **AND**, a hearing on the Motion having been held on June 10, 2025 and for the reasons stated on the record;

    It is hereby **ORDERED** that the Motion is **GRANTED** and the Debtor's bankruptcy case is **DISMISSED.**\*

Date: June 10, 2025

_____
**DEREK J. BAKER**
**U.S. BANKRUPTCY JUDGE**

## **\*E N D N O T E**

The Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor identified itself on the petition as a corporation but failed to list any attorney representation and purports to proceed *pro se*.  See [Dkt. No. 1].  The U.S. Trustee filed a motion to dismiss the Debtor's case citing the inability of a corporation to proceed *pro se*.  [Dkt. No. 6.]

In chapter 11 cases, corporations must be represented by counsel and may not appear *pro se*.  See Rowland v. Cal. Men's Colony, 506 U.S. 194, 201-02 (1993); United States v. Cocivera, 104 F.3d 566, 572 (3d Cir. 1996); In re Kee, No. BR 11-16351 ELF, 2015 WL 5860492, at *2 (Bankr. E.D. Pa. Oct. 7, 2015).  Similarly, an individual without a license to practice law cannot appear *pro se* as attorney-in-fact on behalf of a corporate entity.  See id.  An LLC is equally subject to these limitations, even when the managing member purports to represent the corporate entity.  See In re 69 N. Franklin Tpk., LLC, 693 F. App'x 141, 144 (3d Cir. 2017).  Lack of legal representation is sufficient reason to dismiss a bankruptcy case brought by an LLC in federal court.  See id.; In re Spencer C. Young Invs./Courtyard of Chapel Hill, LLC, No. 08-81852, 2009 WL 901654, at *3-4 (Bankr. M.D.N.C. Feb. 4, 2009).

Section 1112(b) of the Bankruptcy Code provides that, upon request of a party in interest and after notice and hearing, the court may dismiss a case for cause.  Pursuant to the U.S. Trustee's Motion, proper notice having been served on the Debtor, and a hearing having been held, the Court finds the corporate Debtor's lack of representation sufficient cause to grant the Motion and dismiss the case.